JKM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Sanchez-Lopez, | No. CV 10-0152-PHX-DGC (MEA) |
| Petitioner, | **ORDER** |
| vs. | |
| Janet Napolitano, et al., | |
| Respondents. | |

Petitioner Jorge Sanchez-Lopez (A017-285-707), who is represented by counsel, has filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Temporary Restraining Order). (Doc. #1.) The Court will deny Petitioner's request for a temporary restraining order and require Respondents to answer the Petition.

**I.     Petition**

Petitioner is a native and citizen of Mexico, who has been a lawful permanent resident of the United States since 1966. On November 1, 1980, Petitioner was convicted of assault with intent to rape in violation of California Penal Code § 220 for which he was sentenced to four years imprisonment. On April 26, 2000, Petitioner was convicted of driving with a suspended license and failure to appear for which he was sentenced to 30 days in the Maricopa County jail.

On July 22, 2009, Petitioner was served with a Notice to Appear charging that he is removable under 8 U.S.C. § 1227(a)(2)(iii) on the grounds that his California conviction is an aggravated felony. An Immigration Judge (IJ) subsequently denied Petitioner's request

for release on bond. The IJ apparently determined that he lacked jurisdiction to release Petitioner because he is subject to mandatory detention under 8 U.S.C. § 1226(c). It is unclear whether Petitioner appealed the IJ's bond decision to the Board of Immigration Appeals.

Petitioner argues that his convictions do not qualify him for mandatory detention under 8 U.S.C. § 1226(c). He seeks his immediate release from detention, an order declaring that his detention is unlawful, an order directing Immigration and Customs Enforcement to release him on conditions set by an IJ, and other relief. The Court will require Respondents to answer the Petition.

## II. Request for a Temporary Restraining Order

Petitioner also seeks an emergency temporary restraining order directing Respondents to immediately release him from detention.[1] But Petitioner has failed to demonstrate that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result before [Respondents] can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Additionally, upon the record currently before the Court, it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited adjudication or immediate relief from his current detention. See In re Roe, 257 F.3d 1077, 1081 (9th Cir. 2001) (declining to resolve issue of whether a district court has the authority to release a prisoner pending resolution of a habeas case, but holding that if such authority does exist, it can only be exercised in an "extraordinary case involving special circumstances"). Accordingly, Petitioner's request for a temporary restraining order will be denied.

**IT IS ORDERED:**

(1) Petitioner's request for a temporary restraining order is **denied** without prejudice.

---

[1] Petitioner failed to file a separate written motion and memorandum in support of his request for emergency release from custody as required by Rule 7(b) of the Federal Rules of Civil Procedure and Rule 7.2 of the Local Rules of Civil Procedure.

(2) The Clerk of Court must serve a copy of the Summons, Petition (Doc. #1), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2).

(3) Respondents must answer the Petition within 20 days of the date of service. Respondents must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Petitioner may file a reply within 20 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 24th day of March, 2010.

*David G. Campbell*
United States District Judge